SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUN 25 2009
J. T. NOBLIN, CLERK
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEBORAH SPELL on behalf of herself
and others similarly situated

PLAINTIFF

No.: 3.09cv364-DPJ-JCS

v.

JURY DEMANDED

DANNY OWENS, d/b/a DANNY'S
DOWNTOWN

DEFENDANT

## COMPLAINT & DEMAND FOR JURY TRIAL

1. Plaintiff, Deborah Spell ("Plaintiff"), was an employee of Defendant, Danny Ownes d/b/a Danny's Downtown ("Defendant") and brings this action for unpaid overtime compensation, minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was an hourly paid manager and performed this and related duties for Defendant in Hinds County, Mississippi.

2. Defendant Danny Owens is an adult resident citizen of Hinds County, Mississippi, who owns and operates Danny's Downtown. and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business. By virtue of having regularly exercised that authority on behalf of Danny's Downtown, Mr. Owens is an employer as defined by 29 U.S.C. § 201 *et. seq.*

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated, hourly paid employee who worked for Defendant at any time within the past three (3) years.

4. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1337 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). Additionally, Plaintiff and those similarly situated were engaged in interstate commerce during their employment with Defendant.

6. At all times relevant to this action, Defendant failed to comply with 29 USC §§ 201-209, because Plaintiff, and those similarly situated, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated, for those hours worked in excess of forty (40) within a workweek.

7. Defendant failed to compensate Plaintiff and other similarly situated employees at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours during one or more workweeks within the past three (3) years.

8. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendant who, like Plaintiff, were not compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

9. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff, and other similarly situated individuals, are in the possession, custody, or control of Defendant.

COUNT ONE:
RECOVERY OF OVERTIME COMPENSATION

10. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

11. Plaintiff and other similarly situated employees are or were entitled to be paid overtime compensation at one and one half times their regular rate of pay for each hour worked in excess of forty (40) per work week.

12. During their employment with Defendant, Plaintiff and other similarly situated employees, regularly worked overtime hours but were not paid time and one-half compensation for same.

13. Defendant failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

14. Upon information and belief, Defendant' failure to properly compensate Plaintiff and other similarly situated employees for overtime hours worked was intentional, willful, and/or reckless, causing Plaintiff and other similarly situated employees to suffer damages plus incurring reasonable attorneys' fees and costs.

### COUNT TWO:
### FAILURE TO PAY MINIMUM WAGES

15. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

16. Plaintiff and other similarly situated employees are entitled to be paid at least the minimum wage for each hour that they worked throughout their employment with Defendant.

17. Plaintiff and other similarly situated employees expressly demanded proper compensation for hours worked, but they remain uncompensated or under compensated for same.

18. Defendant willfully, intentionally, and/or recklessly failed to pay Plaintiff and other similarly situated employees at least the minimum wage for each hour of service rendered to Defendant during one or more weeks of their employment, in violation of the FLSA.

## DAMAGES AND REQUESTED RELIEF

19. As a result of Defendant's intentional, willful, and/or reckless failure to lawfully compensate Plaintiff and other similarly situated employees for overtime hours that they worked, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

20. As a result of Defendant's intentional, willful, and/or reckless violation(s) of the FLSA, Plaintiff and other similarly situated employees are entitled to liquidated damages from Defendant.

21. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees hereby seek judgment against Defendant Danny Owens ordering payment of all unpaid wages found to be due and owing, pre-judgment and post-judgment interest where applicable, payment of liquidated damages, payment of reasonable attorneys' fees and costs incurred as a result of this litigation, declaratory relief, and such further relief as this Honorable Court may deem to be just and proper.

Respectfully submitted,

MORGAN & MORGAN, PA

By: _____
Jennifer M. Bermel, #100550
2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 333-1827
Fax: (901) 333-1864
Email: jbermel@forthepeople.com